**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10264

Non-Argument Calendar

_____

JOSEPH AUGUSTUS ARTHUR COLEMAN,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A203-224-044

_____

Before BRANCH, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Joseph Augustus Arthur Coleman, a native and citizen of Ghana, petitions us for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming the immigration

judge's ("IJ") order denying Coleman's application for cancellation of removal under Section 237(a)(1)(B) of the Immigration and Nationality Act.  The government moves to dismiss the petition for lack of jurisdiction.

The Attorney General has the discretion to cancel removal of a non-permanent alien who is inadmissible or removable from the United States if the alien establishes, inter alia, that removal would result in "exceptional and extremely unusual hardship" to his citizen or permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1)(D).  When an alien applies for cancellation of removal, an IJ conducts a two-step inquiry.  *Wilkinson v. Garland*, 601 U.S. 209, 209 (2024).  At step one, the IJ determines whether the alien "is eligible for cancellation of removal under the statutory criteria."  *Id*.  If the IJ finds that the alien is eligible, she proceeds to step two, in which she "must then decide whether to exercise discretion and grant relief."  *Id*.

We generally lack jurisdiction to review the denial of relief relating to cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i). However, we retain jurisdiction to review constitutional claims or questions of law associated with a petition for review.  8 U.S.C. § 1252(a)(2)(D); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1274-76 (11th Cir. 2020) (*en banc*).  "[W]hen an IJ weighs . . . found facts and applies the 'exceptional and extremely unusual hardship' standard . . . the result is a mixed question of law and fact that is reviewable under § 1252(a)(2)(D)."  *Wilkinson*, 601 U.S. at 222.  But "if the IJ decides a noncitizen is *eligible* for cancellation of removal at step

one, his step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law." *Id.* at 225 n.4.

To invoke our jurisdiction, a petitioner must allege at least a "colorable" constitutional claim or question of law. *Patel*, 971 F.3d at 1275. But even when a petitioner presents a colorable legal challenge to some determination, we will not address it if we lack jurisdiction to review an independent, dispositive determination. *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290-91 (11th Cir. 2014), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 415-23 & n.2 (2023); *Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1305 (11th Cir. 2018).

We lack jurisdiction over Coleman's petition. Although the IJ found at step one that Coleman was statutorily ineligible for cancellation of removal, she ruled that even if Coleman were eligible, she would nevertheless use her discretion to deny his application. The IJ's alternative step-two ruling is an independent dispositive determination that we lack jurisdiction to review. *See Wilkinson*, 601 U.S. at 225 n.4; *Malu*, 764 F.3d at 1290-91; *Meridor*, 891 F.3d at 1305. We thus lack jurisdiction to review the IJ's step-one determination, even if Coleman presented a colorable question of law about that determination. *See Malu*, 764 F.3d at 1290-91; *Meridor*, 891 F.3d at 1305.

Accordingly, we GRANT the government's motion and DISMISS the petition for lack of jurisdiction.